# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 4:21-CR-181 RLW |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| HARVEY L. BUTLER, | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

**IT IS ORDERED** that Defendant Harvey L. Butler's pro se Motion with Incorporated Brief for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 158) is:

☒ **DENIED** after complete review of the Motion on the merits.

☒ **FACTORS CONSIDERED**.

The Court finds that Defendant has exhausted administrative remedies. See ECF No. 158-1.

Defendant, a 64-year-old Black man, asserts that his health conditions—which include an immunocompromised state following treatment for gastric cancer, diabetes, and high blood pressure—together with his age and race, place him at severe risk of serious illness or death from the virus that causes COVID-19. Defendant is incarcerated at Terre Haute FCI and filed this motion

in August 2023.[1] Defendant's motion refers to then-circulating variants of COVID-19, asserts that the federal Bureau of Prisons failed in its duty to keep inmates safe during the height of the pandemic, and contends the emergence of more highly contagious variants means his risk of catching COVID-19 and suffering lingering consequences from it cannot be effectively mitigated in the prison environment.

COVID-19 virus conditions have changed since August 2023. For example, the federal Public Health Emergency for COVID-19 ended on May 11, 2023,[2] and the federal Bureau of Prisons is no longer operating under the modified operations policy it adopted under the Public Health Emergency declaration. Nonetheless, the COVID-19 virus is still present and Defendant's health conditions are known to increase the risk of serious illness or death from the virus.[3]

However, Defendant does not establish that Terre Haute FCI is currently affected by or is at imminent risk of being affected by (1) an ongoing outbreak of infectious disease, or (2) an ongoing public health emergency declared by the appropriate federal, state, or local authority. As such, he does not establish that his medical conditions in relation to the COVID-19 virus constitute an extraordinary and compelling reason for sentence reduction. See United States Sentencing Guidelines (U.S.S.G.) § 1B1.13(b)(1)(D)(i), (ii), and (iii). Nor does Defendant offer medical records or other evidence to support the conclusory statement that he "is concerned that he is not receiving the close supervision his [cancer] condition require[s]." (ECF No. 158 at 27.)

---

[1]The Office of the Federal Public Defender, which the Court appointed in this case, filed a Notice of Intent Not to File Supplemental Pleadings (ECF No. 162) in December 2023 after reviewing the motion, supporting materials, and Defendant's medical records from the federal Bureau of Prisons.

[2]U.S. Department of Health and Human Services, https://www.hhs.gov/about/news/2023/05/09/fact-sheet-end-of-the-covid-19-public-health-emergency.html (last visited May 16, 2024).

[3]Centers for Disease Prevention and Control, Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited May 16, 2024).

For these reasons, the Court finds that Defendant does not establish the existence of an extraordinary and compelling reason for sentence reduction under 18 U.S.C. § 3582(c)(1)(A).

Defendant's motion recognizes that § 1B1.13 also requires a defendant to show that the factors of 18 U.S.C. § 3553(a) justify his release. (ECF No. 158 at 18.) Even if Defendant had established an extraordinary and compelling reason for sentence reduction, the Court finds that Defendant fails to establish he is not a danger to other persons or to the community, or that the 18 U.S.C. § 3553(a) factors weigh in favor of release.

Defendant pleaded guilty to one count of an eight-count indictment, in which he was charged with four counts. Pursuant to his Guilty Plea Agreement, Defendant pleaded to the lesser included offense of Count 1, conspiracy to distribute and possess with the intent to distribute controlled substances in violation of 21 U.S.C. § 846, 21 U.S.C. § 841(a)(1), and 21 U.S.C. § 841(b)(1)(C), and the Government agreed to dismiss three counts of distribution of a mixture or substance containing a detectable amount of cocaine base. (ECF No. 95 at 1.)

Defendant admitted that the conspiracy lasted almost four years. (Id. at 3.) Defendant received shipments of narcotics from an out-of-town network of drug traffickers and distributed the narcotics within the Eastern District of Missouri. (Id.) The amount of controlled substances involved in the conspiracy attributable to Defendant as a result of his own conduct, and the conduct of other conspirators known or reasonably foreseeable to him, was between 50 and 150 kilograms of cocaine. (Id.) Defendant agreed to forfeit the proceeds of his criminal conspiracy, specifically, approximately $281,392 in U.S. currency; an Armscor M1911-A1 .45 caliber pistol; a Kahr Arms P40 .40 caliber pistol; a Ruger AR-556 rifle; a 2009 Mercedes; and assorted jewelry. (Id. at 9.)

Defendant was responsible for possessing three firearms, all of which were located inside of his business, after knowingly being a prohibited person. (Id. at 10-11, ¶ 32.) In addition, a

3

victim, M.O., died as a result of narcotics provided by the defendants in the case. (ECF No. 103 at 11, ¶ 36.)

This offense, which Defendant committed over a period of years while at a mature age and with significant health conditions, presents significant danger to individuals and the community by the presence of firearms and the introduction of dangerous drugs which can harm persons and lead to further criminal activity. Defendant has a substantial criminal history that began after he turned 30 years old and includes felony convictions for possession of a controlled substance (three), distribution of a controlled substance, and trafficking in drugs second degree (four). Defendant therefore has an extensive history of drug-distribution offenses.

Moreover, the Court was fully aware of Defendant's serious health conditions, including gastric cancer, and his age, race, and the COVID-19 pandemic at the time of sentencing in June 2022. (See, e.g., ECF No. 103 at 21, ¶¶ 72-73.) The Court took these and other factors into consideration when it sentenced Defendant to a term of 120 months imprisonment on a Guidelines sentencing range of 188 to 235 months. Defendant has been incarcerated in the Bureau of Prisons for a little less than two years.

The Court finds it necessary for Defendant to serve his sentence in order to reflect the seriousness of his offenses, to promote respect for the law, and to provide just punishment.

For these reasons, Defendant Harvey L. Butler's pro se Motion with Incorporated Brief for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 158) is **DENIED**.

**IT IS SO ORDERED**.

_Ronnie L. White_
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 16th day of May, 2024.